# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GABRIEL L. LOWE,

               Petitioner,           :     Case No. 1:13-cv-061

    - vs -                       District Judge S. Arthur Spiegel
                                 Magistrate Judge Michael R. Merz

NORMAN ROBINSON, WARDEN,
 Chillicothe Correctional Institution,

                              :

             Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court for decision.  Mr. Lowe filed his Petition January 29, 2013 (Doc. No. 1).  On Judge Bowman's Order (Doc. No. 2), the Warden filed the state court record (Doc. Nos. 6 & 7) and a Return of Writ (Doc. No. 8) and Lowe has filed a Reply (Doc. No. 10). The case is now ripe for decision.

**Procedural History**

Lowe was convicted on one count of aggravated vehicular homicide and three counts of vehicular assault in the Hamilton County Common Pleas Court on June 17, 2010 (Petition, Doc. No. 1, PageID 2, ¶ 2a).  He was thereafter sentenced to six years imprisonment and a lifetime driver's license suspension.  *Id.*  at ¶ 3.  The conviction was affirmed by the Ohio First District Court of Appeals and the Ohio Supreme Court declined jurisdiction over a further appeal.  *Id.*  at ¶ 9.  The instant Petition followed in which Lowe, represented by counsel, pleads the following

grounds for relief:

> **Ground One:** The trial court violated defendant's due process rights when it permitted testimony by a toxicologist, over defendant's objection, when that testimony was not relevant and was clearly prejudicial to defendant by creating an unsupportable inference that he was under the influence of drugs at the time of the alleged offense.
>
> **Supporting Facts** A toxicologist from the Hamilton County Coroner's Office was called to testify in the State's case-in-chief about his analysis of defendant's urine for drugs. Prior to the commencement of the toxicologist's direct testimony, counsel for defendant requested a conference with the trial court and inquired whether or not the witness was going to provide an opinion, within a reasonable degree of toxicologic certainty, that Gabriel Lowe's ability to operate a motor vehicle was impaired by the drugs found in his urine. The assistant prosecuting attorney indicated that he did not believe that such testimony would be forthcoming from the witness. At that point, counsel for defendant asked that the testimony be excluded, because it was not relevant and because its admission would substantially outweigh any probative value. The testimony proceeded. The witness was not even asked by the Assistant Prosecuting Attorney if he had an opinion as to whether or not defendant's ability to operate a motor vehicle was impaired by the drug found in his urine. Upon cross-examination of the toxicologist, the witness conceded that there was insufficient information upon which to conclude, within a reasonable degree of toxicologic probability, that defendant was impaired.
>
> **Ground Two:** The conviction of defendant was not based upon either sufficient evidence or the manifest weight of the evidence regarding the essential element of recklessness.
>
> **Supporting Facts:** Defendant testified that he fell asleep while driving home from a casino, where he has been all night. He had not had any sleep prior to entering his vehicle to return home. Given the definition of recklessness under Ohio law, the State did not present sufficient evidence to establish such recklessness. Recklessness was presumed by the jury, based upon the introduction of prejudicial and non-relevant evidence (See Ground One).

(Petition, Doc. No. 1.)

# Analysis

**Ground One:  Improper Admission of Toxicologist's Opinion**

In his First Ground for Relief, Lowe argues he was denied due process of law by the admission at trial of the testimony of a toxicologist from the Hamilton County Coroner's Office.

### Procedural Default by Lack of Fair Presentation

The Warden argues this Ground for Relief is procedurally defaulted because it was not fairly presented to the Ohio courts as a federal constitutional claim (Return of Writ, Doc. No. 8, PageID 1405).  In the Petition itself, Lowe states "[t]he issue was raised in Appellant's appeal to the Hamilton County Court of Appeals.  However, the issue regarding a due process claim was not argued."  (Doc. No. 1, PageID 7.)  Lowe phrased his First Assignment of Error as follows:

> 1. THE TRIAL COURT ERRED AS A MATTER OF LAW BY PERMITTING THE STATE'S EXPERT TO TESTIFY REGARDING APPELLANT'S URINE RESULTS AS THAT TESTIMONY WAS IRRELEVANT AND PREJUDICIAL AND VIOLATED APPELLANT'S RIGHT TO A FAIR AND IMPARTIAL TRIAL.

(Appellant's Brief, Exhibit 5 to Doc. No. 7, PageID 1309.)  In arguing the assignment of error, Lowe cited only Ohio Rules of Evidence and did not even use the phrase "due process."  *Id.*  at 1320-21.  In his Reply, he makes no response to this affirmative defense of the Warden.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual

basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim." *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor,* 404 U.S. 270, 276, 277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the

pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681. *See also Fulcher v. Motley,* 444 F.3d 791 (6th

Cir. 2006).

Lowe's state court brief meets none of these four criteria for fair presentation. Because

Lowe did not fairly present his First Ground for Relief to the Ohio courts as a federal

constitutional claim, it is procedurally defaulted and should be dismissed with prejudice.


**Ground Two:  Conviction Based on Insufficient Evidence**


In his Second Ground for Relief, Lowe claims his conviction is based on insufficient

evidence or is against the manifest weight of the evidence.

As the Respondent points out, the claim that a conviction is against the manifest weight

of the evidence does not state a claim cognizable in federal habeas corpus because there is no

constitutional prohibition on convicting a person against the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the

important distinction between appellate review for insufficiency of the evidence and review on

the claim that the conviction is against the  manifest weight of the evidence.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.
> Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence
> constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457
> U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663,
> *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61
> L.Ed.2d 560.  Although a court of appeals may determine that a
> judgment of a trial court is sustained by sufficient evidence, that
> court may nevertheless conclude that the judgment is against the
> weight of the evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55
> O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence

concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶ 3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the

6

Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982). Lowe makes no response to the Warden's claim that a manifest weight argument is not cognizable and the claim is correct.

A claim that there was insufficient evidence to support the conviction does state a federal constitutional claim under the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Insufficient evidence was presented as Lowe's Fourth Assignment of Error on direct appeal and was decided by the First District as follows:

> In his fourth assignment of error, Lowe argues that the evidence was insufficient to support his convictions and that they were against the manifest weight of the evidence. Several motorists testified that Lowe had been driving extremely dangerously moments before the crash. On the other hand, Lowe gave several inconsistent accounts of the events that led to the death of Shawna Ishmael and the injuries of Larry Jones, Rosalyn Jones, and Sterling Waller. We have reviewed the entire record and conclude

> that the state presented adequate evidence on each element of the
> offenses for which Lowe was convicted.  See *State v. Thompkins*,
> 78 Ohio St. 3d 380, 386, 1997-Ohio-52, 678 N.E. 2d 541  And the
> trier of fact did not lose its way and create a manifest miscarriage
> of justice.  See *Id.*  at 387. We overrule Lowe's fourth assignment
> of error.

*State v. Lowe*, Case No. C-100524 (Ohio App. 1ˢᵗ Dist. July 27, 2011)(unreported, copy at Doc.

No. 7, PageID 1348-50.)

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision

is contrary to or an objectively unreasonable application of clearly established precedent of the

United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131

S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685,

693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132,

110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner
> challenges the constitutional sufficiency of the evidence used to
> convict him, we are thus bound by two layers of deference to
> groups who might view facts differently than we would. First, as in
> all  sufficiency-of-the-evidence  challenges,  we  must  determine
> whether, viewing the trial testimony and exhibits in the light most
> favorable to the prosecution, any rational trier of fact could have
> found the essential elements of the crime beyond a reasonable
> doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781,
> 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the
> evidence, re-evaluate the credibility of witnesses, or substitute our
> judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d
> 618, 620 (6th Cir. 1993). Thus, even though we might have not
> voted to convict a defendant had we participated in jury
> deliberations, we must uphold the jury verdict if any rational trier
> of fact could have found the defendant guilty after resolving all

> disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam).*

The First District's decision on sufficiency is summary and Petitioner does not argue his Second Ground for Relief at all in either the Memorandum in Support of Petition (Doc. No. 1, PageID 18-21) or the Response to Return of Writ (Doc. No. 10).  However, the State's Brief on appeal recites eyewitness testimony from a number of other drivers who were on the road with Lowe at the time the fatal accident occurred.  Witnesses Schwegman and Timon each described multiple driving behaviors by Lowe which qualify as willful or wanton operation of a motor

vehicle under Ohio law. See Return of Writ, Doc. No. 8, PageID 1393-94; Compare Ohio Revised Code § 4511.20. Conduct which meets that standard certainly meets the element of recklessness required for the conviction here. See Ohio Revised Code § 2901.22.

The First District's decision on the Fourth Assignment of Error is neither contrary to nor an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), *supra*. Therefore the Second Ground for Relief should be dismissed with prejudice.

Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 7, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).